### 45057. BRUNDAGE v. WILKINS et al.

JORDAN, Presiding Judge. The claim and counterclaim in this case, both for property damages, are based on a collision between the plaintiff's automobile and a wrecker operated by one defendant and owned by the counterclaimant. Both vehicles were proceeding in the same direction on a public highway, and the wrecker, following the automobile, struck the automobile as it was being turned to the left at an intersection. This court dismissed an appeal of the plaintiff based on the grant of a new trial and other rulings. *Brundage v. Wilkins,* 119 Ga. App. 529 (167 SE2d 612). In a subsequent trial the jury found for the defendants and awarded no damages. The plaintiff now appeals from the judgment on this verdict. *Held:*

1. The first enumeration, asserting error in sustaining a so-called motion to suppress evidence, presents nothing for decision. A motion to suppress evidence is applicable only to criminal cases. Ga. L. 1966, pp. 567, 571; *Norrell v. State,* 116 Ga. App. 479 (3) (157 SE2d 784).

2. The second enumeration is merely restated in the brief, unsupported by argument or citation of authority, and is therefore deemed to be abandoned. Rule 17 (c) (2) of this court.

3. The third enumeration asserts error on the sustaining of an objection to a question directed to an investigating officer, refusing to allow him to testify as to whether he determined that the drivers were licensed, but this ruling, right or wrong, was subsequently mooted. The report of the investigating officer, offered by counsel for the defendants and admitted without objection, discloses that the investigating officer ascer-

tained that both operators were licensed, and recorded their license numbers. The report, as received in evidence under the circumstances here disclosed, reveals uncontroverted facts in this respect which are not to be regarded as inadmissible hearsay without probative value.

It is apparent from the petition of the plaintiff and the brief on appeal, however, that what counsel was really seeking to show is that the driver of the wrecker, age 17 at the time, was an unlicensed chauffeur and ineligible for a public chauffeur's license. This classification covers qualified persons not less than 18 years of age who are employed by another for certain principal purposes for compensation. Ga. L. 1939, pp. 135, 141 (*Code Ann.* § 92A-401 (3)). Operation of a vehicle engaged in hauling persons or property for hire, or a school bus, without first obtaining a public chauffeur's license, is prohibited. Ga. L. 1937, pp. 322, 345; 1963, p. 498 (*Code Ann.* § 92A-411).

There is no evidence to disclose that the driver of the wrecker was employed by another for the principal purpose of driving a motor vehicle, and it is undisputed that in operating the wrecker at the time of the collision he was not actually engaged in hauling persons or property for hire. Accordingly, even though operating a vehicle without a license may afford a basis for actionable negligence in an appropriate case (see *Medlock v. Barfield*, 90 Ga. App. 759 (84 SE2d 113); *Jones v. Dixie Drive-It-Yourself System*, 97 Ga. App. 669 (104 SE2d 497); *Aycock v. Peaselee-Gaulbert Paint &c. Co.*, 60 Ga. App. 897 (1) (5 SE2d 598); *Etheridge v. Guest*, 63 Ga. App. 637, 639 (12 SE2d 483)) the mere fact that the driver of the wrecker was not a licensed public chauffeur, even if true, under the circumstances of this case, discloses no statutory violation, and is of no benefit to the plaintiff as a basis for actionable negligence against this driver, or the owner of the wrecker.

4. The court did not err in sustaining an objection to a question seeking to elicit from the driver of the wrecker his age at the time he first drove a wrecker in answer to an emergency call, he having testified that he was 19 at the time of trial and 17 at the time of the collision.

5. There being no evidence to warrant consideration of punitive damages the trial court, in response to a motion for a directed verdict, properly eliminated this aspect of the plaintiff's claim.

6. While instructing the jury the court remarked, "As to the plaintiff's request[s] for charge, I think they are untimely." Counsel for the defendants then stated, "I object to these, because I didn't have a chance to rebut them. Under the law you have to submit them to the other side." The court then replied, "I'll look at them though." There is nothing in the record or transcript to enable this court to determine what requests were made, or when, or the extent considered and included in the instructions. The colloquy itself discloses no harmful error for any reason argued and insisted upon.

7. The trial judge at the outset of his instructions having equated the claim of the defendant owner of the wrecker to that of a plaintiff, his repeated instructions thereafter in respect to the burden of proof of a plaintiff are not regarded as prejudicial in unduly emphasizing the burden of proof of a plaintiff because of his failure without request to refer to the fact that a defendant, as a claimant, has the same burden as a plaintiff. Accordingly, there is no merit in this enumeration.

8. Three enumerations, based on asserted error in instructing the jury, and a failure to instruct the jury, are unsupported by anything in the record or transcript to disclose any action by counsel as required by the statute, to bring any asserted error concerning the instructions, or the failure to instruct, to the attention of the trial court before the jury returned its verdict. All other enumerations have been considered and are without merit.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 9, 1970—DECIDED APRIL 7, 1970.

*Hendon & Henley, M. W. Hendon,* for appellant.
*Jack V. Dorsey,* for appellees.