A89A2067. GAITHER v. BARCLAYSAMERICAN/FINANCIAL OF GEORGIA, INC.
(390 SE2d 97)

CARLEY, Chief Judge.

Appellee-defendant held a purchase money security interest in appellant-plaintiff's mobile home. After appellant defaulted and allegedly abandoned the mobile home, appellee repossessed it. Appellant subsequently initiated this action, alleging that appellee's repossession was "wrongful" and seeking both compensatory and punitive damages under a variety of tort theories. After extensive discovery, appellee moved for summary judgment. This motion was denied except as to the issue of appellant's recovery of punitive damages under OCGA § 51-12-5. Appellant appeals from this grant of partial summary judgment in favor of appellee.

" 'Something more than the mere commission of a tort is always

required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton. There is general agreement that, because it lacks this element, mere negligence is not enough, even though it is so extreme in degree as to be characterized as "gross," a term of ill-defined content, which occasionally, in a few jurisdictions, has been stretched to include the element of conscious indifference to consequences, and so to justify punitive damages. Still less, of course, can such damages be charged against one who acts under an innocent mistake in engaging in conduct that nevertheless constitutes a tort. . . .' [Cit.]" *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 121-122 (4) (365 SE2d 827) (1988). In support of its motion for summary judgment, appellee produced evidence which was sufficient to pierce the allegations that it or its agents had engaged in such egregious behavior as would authorize a recovery for punitive damages. In opposition, appellant made no showing that appellee or its agents had "heedlessly and unnecessarily committed acts which resulted in damage to [appellant's] property [or] indiscriminately seized items as to which payments were not then overdue [such as] would be some evidence of conscious indifference to consequences [or] wanton disregard of [appellant's] rights. . . . [Cit.]" *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 819 (4) (168 SE2d 827) (1969). The evidence, construed most favorably for appellant, shows, at most, the mere commission of a tort. The trial court correctly granted partial summary judgment in favor of appellee as to punitive damages. Compare *Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (2) (366 SE2d 147) (1988).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*Blount, Garcia & Singh, Udai V. Singh*, for appellant.
*Douglas N. Campbell, Laura E. Stevenson*, for appellee.