A92A2355. SIGHTLER et al. v. TRANSUS, INC. et al.
(430 SE2d 81)

COOPER, Judge.

In this tort action, appellants challenge the trial court's grant of partial summary judgment to appellees on the issue of punitive damages.

Appellants Mr. and Mrs. Sightler were damaged when Payne ran the tractor-trailer truck he was driving into Mr. Sightler's service station. Appellants sued Payne and appellees — Payne's employer, the employer's insurer, and the owners of the truck who leased it to the employer. Relying on the rule that employers or principals may be vicariously liable for punitive damages arising from the misconduct of their employees or agents in Georgia, see *Gasway v. Atlanta & W. Point R. Co.*, 58 Ga. 216 (2) (1877); *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166 (3) (48 SE2d 122) (1948), appellants sought punitive as well as compensatory damages from all defendants based on Payne's alleged recklessness. However, Payne died before the case reached trial, and the estate of a deceased tortfeasor may not be liable for punitive damages. *Morris v. Duncan*, 126 Ga. 467, 470 (1) (54 SE 1045) (1906). Appellees then moved to strike appellants' prayer for punitive damages, arguing that because appellees' potential liabil-

ity for punitive damages is derivative of Payne's liability and Payne's estate cannot be liable for punitive damages, appellees also could not be liable for punitive damages. The trial court treated the motion as one for partial summary judgment and granted it.

In their sole enumeration of error, appellants contend the trial court erred in granting summary judgment to appellees on the issue of punitive damages. We agree. Although appellees' syllogism appears logical at first blush, it misconstrues the language of *Gasway* and *Farmer*. "In this State, the master is liable for exemplary damages in case the wrongful acts are committed by the agent or servant in the course of or in connection with his duties or employment, *provided such wrongful acts are sufficient to authorize a recovery for exemplary damages. . . . 'If the tortious acts of the servant or agent be such*, when committed in the business of the company and within the scope of the servant's employment, *as would have subjected the servant to exemplary or vindictive damages* had he been sued as principal, the company will be responsible for like damages when it is sued for such misconduct of its servant in its business.' [*Gasway*, supra.]" (Emphasis supplied.) *Farmer*, supra at 178. This language does not require that the agent actually be liable for punitive damages, as long as the nature of his misconduct would be sufficient to support a recovery of punitive damages. The immunity from punitive damages of Payne's estate, like other immunities agents may enjoy, is a personal defense which depends on something other than the nature of agent's misconduct and does not insulate the principal from liability for that misconduct. Cf. *Bradley v. Tenneco Oil Co.*, 146 Ga. App. 161 (2) (245 SE2d 862) (1978). Appellees' citation of dicta in *Willis v. Hill*, 116 Ga. App. 848, 868 (159 SE2d 145) (1967), rev'd on other grounds, 224 Ga. 263 (161 SE2d 281) (1968), for the proposition that punitive damages cannot be assessed against any joint defendants unless all are liable does not convince us otherwise. We have already held that this dicta in *Willis*, even if binding, would not apply to bar a verdict against all defendants for compensatory damages and against all but one of the defendants for punitive damages where "[t]he jury returned a verdict against all defendants as to whom it was empowered to do so." See *Crow v. Evans*, 183 Ga. App. 581, 582 (1) (359 SE2d 446) (1987). Accordingly, the trial court erred in granting summary judgment to appellees on the issue of punitive damages.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993

*Reynolds & McArthur, Charles M. Cork III*, for appellants.
*Federal, Goetz & Cronkright, Charles M. Goetz, Jr., Julie A.*

*Goodwin*, for appellees.