### A99A0708. FOWLER et al. v. SMITH et al.
(516 SE2d 845)

JOHNSON, Chief Judge.

Dexter Fowler was a truck driver for Atlanta Motor Lines, Inc. While driving on Interstate 285, Fowler stopped his tractor-trailer because the lane in which he was traveling was blocked by a car that had lost a wheel. Some time later, Frederick Smith drove his car into the back of Fowler's stopped truck. Smith died from injuries suffered in the collision.

Smith's parents sued Fowler, Atlanta Motor Lines and its insurer, Liberty Mutual Insurance Company, asserting numerous claims of negligence. The parties filed opposing motions for summary judgment. Both motions were granted in part and denied in part by the trial court. Fowler, Atlanta Motor Lines and Liberty appeal.

1. Fowler, Atlanta Motor Lines and Liberty assert the trial court erred in granting summary judgment to the Smiths on the issue of whether Atlanta Motor Lines failed to retain a driver qualification file on Fowler pursuant to 49 CFR § 391.51 (a) & (c), which require motor carriers to maintain such a qualification file for each of their drivers and to retain the file for three years after the driver stops working for the carrier. Based on the evidence as it existed at the time of the hearing on the summary judgment motions, we are compelled to uphold the trial court's ruling.

A former accountant and a former officer of Atlanta Motor Lines executed affidavits asserting that: (i) they were aware of the Federal Motor Carrier Safety Regulations[1] requiring this type of file be kept for, at most, six months, (ii) Atlanta Motor Lines had performed all the record-keeping required by the Federal Motor Carrier Safety

---

[1] See generally 49 CFR § 350.1 et seq.

Regulations, and (iii) any documents not tendered in response to the Smiths' discovery requests had been destroyed in the ordinary course of business by Atlanta Motor Lines.

Previously, the same accountant had testified by deposition that he knew nothing about the federal regulations pertaining to the interstate operation of tractor-trailers and that he was not aware that certain documents must be maintained in each driver's file. The accountant subsequently executed a second affidavit in which he claimed that, although he was not aware of the applicable federal regulations when he was deposed, he thereafter studied the regulations and was familiar with them when he made his first affidavit.

The trial court found that the accountant had not given a reasonable explanation for the inconsistencies between his deposition and his first affidavit. The court then struck portions of the accountant's first affidavit, including the assertions that all the documents not provided during discovery had been destroyed and that Atlanta Motor Lines had complied with applicable federal record-keeping requirements. The trial court also struck the officer's affidavit in its entirety because it was not timely filed. Fowler, Atlanta Motor Lines and Liberty have not enumerated the striking of these affidavits as error. Thus, this issue is not before us on appeal. See *DeKalb County v. Lenowitz*, 218 Ga. App. 884, 887 (1) (463 SE2d 539) (1995); *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (2) (367 SE2d 272) (1988).

Accordingly, on the day the trial court heard both motions for summary judgment, the evidence before the court was that Atlanta Motor Lines had not produced Fowler's driver qualification file in response to the Smiths' timely discovery requests. After the hearing but before the trial court issued its summary judgment order, Atlanta Motor Lines apparently found Fowler's driver qualification file, served the Smiths with a copy of it and sent a letter to the trial judge informing him that the file had been located. Nevertheless, the court subsequently granted summary judgment to the Smiths on their claim that Atlanta Motor Lines had violated 49 CFR § 391.51 by failing to produce the driver qualification file during discovery.

Contrary to the complaints of Fowler, Atlanta Motor Lines and Liberty, the trial court was not required to consider Atlanta Motor Lines' letter or its supplemental response to the Smiths' requests for production of documents because these documents were not tendered before the hearing on the summary judgment motions. Parties have a duty to present their case in full at a hearing on a motion for summary judgment. *W. E. Heller & Co. v. Aetna Business Credit*, 158 Ga. App. 249, 252 (4) (280 SE2d 144) (1981). By failing to respond timely to the motion for summary judgment, Atlanta Motor Lines waived its right to present evidence in opposition to that motion. *McGivern v.*

*First &c. Properties*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988); see *Rapps v. Cooke*, 234 Ga. App. 131, 132 (1) (505 SE2d 566) (1998); Uniform Superior Court Rule 6.2. It is in the trial court's discretion whether to consider such untimely responsive materials. See *Labat v. Bank of Coweta*, 218 Ga. App. 187, 188 (1) (460 SE2d 831) (1995).

The trial court did not abuse its discretion in declining to consider the untimely evidence submitted by Atlanta Motor Lines. The untimely production of Fowler's driver qualification file provides us with no basis for reversing the trial court's ruling, which was correct based on the evidence presented at the hearing.

2. Fowler, Atlanta Motor Lines and Liberty argue the trial court erred in failing to grant their motion for summary judgment as to the Smiths' claim for punitive damages. The argument is without merit.

In Georgia, employers or principals may be vicariously liable for punitive damages arising from the acts or omissions of their employees or agents if such tortious conduct is committed in the course of the employer's or principal's business, within the scope of the servant's or agent's employment, and is sufficient to authorize a recovery of punitive damages under OCGA § 51-12-5.1.[2] See generally *Sightler v. Transus, Inc.*, 208 Ga. App. 173, 174 (430 SE2d 81) (1993); *Gasway v. Atlanta & W. Point R. Co.*, 58 Ga. 216 (2) (1877). Acts or omissions constituting mere negligence or gross negligence will not support an award of punitive damages. *Roberts v. Forte Hotels*, 227 Ga. App. 471, 472 (1) (489 SE2d 540) (1997). Thus, "[i]n automobile collision cases decided under OCGA § 51-12-5.1, punitive damages are not recoverable where the driver at fault simply violated a rule of the road." *Carter v. Spells*, 229 Ga. App. 441, 442 (494 SE2d 279) (1997). Punitive damages may be awarded, however, where it is proven by clear and convincing evidence that the defendant's act or omissions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to the consequences. Id.; OCGA § 51-12-5.1 (b).

In the current case there exists some evidence that Fowler may have violated federal safety law by being stopped in the interstate's center lane for approximately 35 minutes before the collision without placing triangular warning devices on the highway. See generally 49 CFR § 392.22 (b). There is also evidence that Fowler did not turn on

---

[2] The appellants do not enumerate as error or argue in their brief that Liberty could not be held liable for punitive damages because Atlanta Motor Lines' insurance contract does not provide coverage for punitive damages. Thus, this issue is not before us on appeal. We note that in Georgia an insurance contract providing coverage for punitive damages does not violate public policy. See *Federal Ins. Co. v. Nat. Distributing Co.*, 203 Ga. App. 763, 768 (3) (417 SE2d 671) (1992).

his tractor-trailer lights after it became dark and his main truck lights were not on at the time of the collision. Moreover, there exists evidence that prior to the collision the flow of traffic did not prevent another truck that had stopped in front of Fowler from driving away without incident, whereas Fowler stayed with the driver of the disabled car, and did not move his own truck, until after the collision.

The cardinal rule of summary judgment procedure is that the court can neither resolve facts nor reconcile the issues, but can only determine if there is an issue. The party opposing the motion is to be given the benefit of all reasonable doubt and all favorable inferences that may be drawn from the evidence. See *Powell v. Ferreira*, 198 Ga. App. 465 (402 SE2d 85) (1991). Construing the evidence in the light most favorable to the Smiths, we find that genuine issues of material fact exist as to whether Fowler's conduct demonstrated that entire want of care which would raise the presumption of conscious indifference to the consequences. Thus, the trial court did not err in denying the motion for summary judgment on the issue of punitive damages.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 29, 1999.

*Alembik, Fine & Callner, G. Michael Banick, Todd E. Schwartz*, for appellants.
*James C. West III*, for appellees.