A01A0124. MILLER et al. v. CRUMBLEY et al.
(548 SE2d 657)

BARNES, Judge.
Carolyn Miller sued Christy and Charles Crumbley, alleging Christy Crumbley negligently drove Charles Crumbley's car across the centerline of the road, crashed into Miller's car, and injured her. Miller also made an underinsured claim against her insurance carrier. Frank Miller brought a separate action against the Crumbleys for loss of consortium, but the trial court granted the Crumbleys'

motion for joinder and consolidated the two actions.

The trial court granted the Crumbleys' motion for partial summary judgment on the Millers' claim for punitive damages and denied the Millers' motion to compel the Crumbleys to answer interrogatories concerning their financial status. The court also denied the Millers' motion for partial summary judgment on liability. The Millers appeal the trial court's orders granting the Crumbleys' motions for joinder and partial summary judgment on punitive damages and denying the Millers' motions to compel and for partial summary judgment on liability. For the reasons set forth below, we affirm.

1. The Millers argue that the trial court erred in granting the Crumbleys' motion to join Frank Miller's loss of consortium claim with his wife's personal injury claim, pursuant to OCGA § 9-11-19 (a) (2) (B). That Code section provides:

> A person who is subject to service of process shall be joined as a party in the action if . . . [h]e claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . [l]eave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In a well-reasoned order, the trial court noted that "[a] loss of consortium claim is derivative of the spouse's personal injury action." It further held that " '[a]ll claims which derive from the personal injuries sustained by a single individual' should be joined in a single action," citing *Stenger v. Grimes*, 260 Ga. 838, 839 (1) (400 SE2d 318) (1991).

The trial court properly granted the defendants' motion for joinder of the separate personal injury and loss of consortium claims. *Stapleton v. Palmore*, 250 Ga. 259, 260 (297 SE2d 270) (1982). We find no error.

2. The Millers contend the trial court erred in denying their motion for partial summary judgment on the issue of liability, arguing that Christy Crumbley's guilty plea to the charge of following too closely was dispositive.

On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998); *Lane v. Spragg*, 224 Ga. App. 606 (481 SE2d 592) (1997).

Crumbley testified in her deposition that the car in front of her stopped suddenly and she tried to swerve to the right to avoid hitting

it. Her car slid to the left, into oncoming traffic, where she and Miller's car collided. She did not appear for the traffic court hearing and forfeited her bond as payment of the ticket. The evidence of Crumbley's guilty plea is not sufficient to establish conclusively her liability for Miller's damages. "Although a guilty plea is an admission against interest and prima facie evidence of the facts admitted, it is not conclusive that defendant was negligent as it is only a circumstance to be considered along with the other evidence in the civil action for damages." (Citations and punctuation omitted.) *Peacock v. Strickland*, 198 Ga. App. 406-407 (1) (401 SE2d 601) (1991). The Millers contend that *Cannon v. Street*, 220 Ga. App. 212, 214 (3) (469 SE2d 343) (1996), requires a different result, but in that case, the defendant admitted he ran a red light and presented no evidence that the plaintiff could have avoided the collision by exercising ordinary care. The trial court did not err in denying the Millers' motion for partial summary judgment on the issue of liability.

3. The Millers assert the trial court erred in granting the Crumbleys' motion for partial summary judgment on the issue of punitive damages. Carolyn Miller amended her complaint to assert "[t]hat as a result of those facts as set forth herein, Defendant's actions show that entire want of care which would raise the presumption of conscious indifference to consequences, and the Plaintiff is therefore entitled to damages pursuant to OCGA § 51-12-5.1." The Millers argue that Christy Crumbley's failure to keep a proper lookout while driving coupled with her guilty plea to following too closely was sufficient to show a conscious indifference to consequences that would support a punitive damages award.

"In automobile collision cases decided under OCGA § 51-12-5.1, punitive damages are not recoverable where the driver at fault simply violated a rule of the road." (Citation omitted.) *Carter v. Spells*, 229 Ga. App. 441, 442 (494 SE2d 279) (1997). We have found that "punitive damages are recoverable under the statute where the collision resulted from a pattern or policy of dangerous driving," such as driving while intoxicated or speeding excessively. Id. A review of the record reveals no evidence that Christy Crumbley caused this collision through a "pattern or policy of dangerous driving." The trial court did not err in granting the Crumbleys' motion for partial summary judgment on the issue of punitive damages.

4. Finally, the Millers assert that the trial court erred in denying their motion to compel the Crumbleys to answer certain interrogatories relating to their financial condition. The Crumbleys contend that, in the absence of a claim for punitive damages, this information was not relevant or admissible. "[T]he [appellants] in this case [were] not entitled to discover information concerning the [appellees'] personal financial resources absent an evidentiary showing (by affidavit,

discovery responses, or otherwise) that a factual basis existed for [their] punitive damage claim." *Holman v. Burgess*, 199 Ga. App. 61, 64 (404 SE2d 144) (1991). Because the trial court properly granted partial summary judgment to the Crumbleys on the Millers' punitive damages claim, the court also properly denied the Millers' motion to compel the Crumbleys to disclose information about their financial resources. *Ledee v. Devoe*, 225 Ga. App. 620, 624 (2) (484 SE2d 344) (1997).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 27, 2001.

*Albert B. Wallace, Stephen B. Wallace II, William R. L. Latson,* for appellants.

*Mabry & McClelland, Beth S. Reeves,* for appellees.