## A05A0625. DOCTOROFF v. PEREZ.
### (615 SE2d 623)

ADAMS, Judge.

Brandi Doctoroff asserted a negligence claim against Jazmin Perez arising out of a traffic accident. Doctoroff sought punitive damages on the sole ground that Perez was knowingly driving without a valid driver's license at the time of the accident. The trial court granted partial summary judgment to Perez on the punitive damage claim, and Doctoroff appeals. We affirm.

The record shows that on August 21, 2003, Doctoroff was driving southbound on Peachtree Industrial Boulevard near its intersection with Howell Ferry Road in Gwinnett County. At the same time, Perez pulled out of a driveway, crossed the northbound lanes of Peachtree Industrial Boulevard, and entered the southbound lane into the path of Doctoroff's car. The cars collided, causing Doctoroff's car to overturn, resulting in injuries to Doctoroff. Perez admitted in her pleadings that she was negligent in entering the roadway, in failing to yield to Doctoroff's approaching vehicle, in failing to maintain a proper lookout and in failing to operate her vehicle in a manner so as to avoid injuring Doctoroff. She also admitted in her deposition that she did not possess a valid driver's license from Georgia or any other state at the time of the collision, although she stated that she did possess a driver's license from Mexico.

Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). "Mere negligence, although gross, will not alone authorize the recovery of punitive damages.

There must be circumstances of aggravation or outrage." (Citations and punctuation omitted.) *Artzner v. A & A Exterminators*, 242 Ga. App. 766, 772 (3) (531 SE2d 200) (2000). Accordingly, in reviewing a trial court's grant of summary judgment in this case, "[i]t is our appellate responsibility to determine whether there is any evidence to support the trial court's determination that the evidence of aggravated conduct failed to be clear and convincing." (Citations and punctuation omitted.) *Taylor v. Powertel*, 250 Ga. App. 356, 358 (1) (c) (551 SE2d 765) (2001).

And "in automobile collision cases, punitive damages are not recoverable where the driver at fault simply violated a rule of the road." (Citations and punctuation omitted.) *Brooks v. Gray*, 262 Ga. App. 232, 233 (1) (585 SE2d 188) (2003). Rather, to support an award of punitive damages in such cases, Georgia courts have "required that the collision result from a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively." (Citations and punctuation omitted.) Id.

In *Brooks v. Gray*, this Court affirmed the grant of summary judgment on a claim of punitive damages arising out of a collision involving a teenage driver, who was driving at a time not allowed by his restricted license. Id. at 234 (2). The driver's Class D license prohibited him from driving between the hours of 1:00 a.m. and 5:00 a.m., during which time the collision occurred. The plaintiffs argued that this conduct justified an award of punitive damages. Id. at 233 (1). But this Court rejected that argument noting that "[e]ven if operating a vehicle without a proper license affords a basis for actionable negligence, it does not warrant consideration of punitive damages" under the circumstances of the case. Id. In reaching this conclusion, the Court noted that the teenager's driving during the restricted period was not the proximate cause of the accident and further that "his action did not constitute a pattern or policy of dangerous driving." (Citation and punctuation omitted.) Id.

Similarly, as the trial court recognized, Perez's actions in driving without a valid license were not the proximate cause of the accident here.[1] Rather, the collision occurred because Perez admittedly failed to yield to Doctoroff's oncoming car. Moreover, a review of the record reveals no evidence that Perez caused this collision through a pattern or policy of dangerous driving. *Miller v. Crumbley*, 249 Ga. App. 403, 405 (3) (548 SE2d 657) (2001). Under these circumstances, we find that the trial court did not err in granting summary judgment on

---

[1] We note that this Court has previously held that evidence that a driver had no valid license is inadmissible in a collision case "unless a causal connection exists between the accident and the absence of a license." (Citation omitted.) *Xpress Cargo Systems v. McMath*, 225 Ga. App. 32 (1) (481 SE2d 885) (1997).

Doctoroff's claim for punitive damages.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 7, 2005 — 

*Moss & Rothenberg, Robert A. Moss*, for appellant.
*Jabari C. Hill*, for appellee.