## A08A1677. BENTON v. ANDERSON.
(671 SE2d 238)

RUFFIN, Presiding Judge.

Enga Benton and Christopher Anderson were involved in a vehicle collision, and Benton brought an action against Anderson seeking to recover damages for personal injury and punitive damages. Benton bases her claim for punitive damages on the fact that, at the scene of the collision, Anderson provided law enforcement with an incorrect name and address. Anderson moved for partial summary judgment on the issue of punitive damages, and the trial court granted his motion. Benton appeals and, for reasons that follow, we affirm.

On appeal, "[w]e review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant."[1] Viewing the record in a light favorable to Benton, it shows that Benton and Anderson were involved in a vehicle collision on April 3, 2006. Anderson admits that, while at the scene of the collision, he "knowingly gave false information to the investigating police officer" as to his name, residence address, and status of his driver's license. Because his driver's license was suspended for unpaid traffic citations, Anderson gave police his nephew's name, Michael W. Anderson, and what he believed to be Michael's address. The vehicle Anderson was driving belonged to his mother, and he did provide police with proof of insurance in her name. Anderson's mother later contacted police and informed them that her son, Christopher Shawn Anderson, was the driver of the vehicle. When police contacted Anderson, he did not cooperate with them. Anderson was charged with, among other things, providing false information pursuant to OCGA § 16-10-25, and he pled guilty to that charge.

Benton argues on appeal that the trial court erred in finding that she was not entitled to recover punitive damages. We disagree.

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.[2]

In vehicle collision cases, punitive damages are not available if a driver merely violated a rule of the road; rather, an award of punitive damages requires "that the collision result from a pattern or policy

---

[1] *Brooks v. Gray*, 262 Ga. App. 232 (585 SE2d 188) (2003).
[2] OCGA § 51-12-5.1 (b).

of dangerous driving, such as driving while intoxicated or speeding excessively."[3] We have held that punitive damages are not available against a person who causes a collision while driving without a valid license[4] or driving at a time of day when he is restricted from doing so.[5] This is because the violation at issue was not the proximate cause of the collision.[6] Similarly, Anderson's actions after the collision occurred were not the proximate cause of the collision.

Benton argues that this case is more analogous to those in which a driver leaves the scene of an accident. For example, in *Langlois v. Wolford*,[7] we held that the conduct of a defendant who left the scene of a collision without speaking to the other party "demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being" such that punitive damages were permissible.[8] These cases are distinguishable from the present one, however, because the act of leaving the scene of the collision creates a risk of further harm to an injured party who may not be able to contact authorities for help. Here, Anderson remained at the scene and spoke to Benton, who had a broken leg. The fact that he subsequently provided false information to police did not increase the risk of physical harm to Benton. Accordingly, the trial court did not err in granting partial summary judgment to Anderson on the issue of punitive damages.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED DECEMBER 11, 2008 — 

*Thomas C. Bordeaux, Jr.*, for appellant.
*Lowendick, Cuzdey, Ehrmann, Wagner, Stine & Sansalone, Stanley A. Coburn, Michael J. O'Hagan*, for appellee.

---

[3] (Punctuation omitted.) *Doctoroff v. Perez*, 273 Ga. App. 560, 561 (615 SE2d 623) (2005).

[4] See id. at 561-562.

[5] See *Brooks*, supra at 233-234 (2).

[6] See *Doctoroff*, supra at 561; *Brooks*, supra at 233. Compare *Fowler v. Smith*, 237 Ga. App. 841, 843-844 (2) (516 SE2d 845) (1999) (evidence that tractor-trailer driver stopped in center lane of interstate failed to put out triangular warning devices or turn on lights after dark created genuine issue of material fact on issue of punitive damages, as this conduct contributed to the collision).

[7] 246 Ga. App. 209 (539 SE2d 565) (2000).

[8] Id. at 210 (1); see also *Battle v. Kilcrease*, 54 Ga. App. 808, 809-810 (4) (189 SE 573) (1936) (failure to stop and render aid after traffic collision may support the award of punitive damages to person injured).