## A11A1313. LINDSEY et al. v. CLINCH COUNTY GLASS, INC. et al.
### (718 SE2d 806)

ADAMS, Judge.

Appellants Rebecca Joyann Lindsey and Ted Lindsey brought suit against appellees William Holtzclaw and Clinch County Glass, Inc. after Holtzclaw's truck collided with Rebecca Lindsey's vehicle while she was stopped at a red light, causing her to strike the vehicle in front of her. In addition to seeking general and special damages for Rebecca Lindsey's alleged injuries and loss of consortium, the Lindseys also asserted a claim for punitive damages. The defendants filed a motion for partial summary judgment on the punitive damages claim, and the trial court granted the motion as to that claim only. The Lindseys appeal.

The pertinent facts are undisputed. At the time of the accident, Holtzclaw was the principal of Clinch County Glass, which is a glass

---

installation company. Holtzclaw spent about eight to ten hours of his working day driving; he traveled approximately 100,000 miles a year. Holtzclaw often used his phone while driving and had installed a desk in his truck and mounted his phone on the desk, allowing him to talk hands free into a speakerphone.

At the time of the accident, Holtzclaw was driving his truck to meet a contractor and had started manually searching for a number to call after completing another call. Because he was being inattentive, he failed to notice that traffic was stopped at a red light in front of him until it was too late to avoid colliding with Rebecca's car. Holtzclaw admitted to the responding officer that he was looking for a number on his phone at the time of the collision and not paying attention; defendants admitted being at fault for the collision in the answer they filed to the complaint.

In Georgia,

> [p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

OCGA § 51-12-5.1 (b). And it is well settled that "negligence, even gross negligence, is inadequate to support a punitive damages award. . . . Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." (Citations and punctuation omitted.) *Brooks v. Gray*, 262 Ga. App. 232, 232-233 (1) (585 SE2d 188) (2003). In cases involving automobile collisions, punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as excessive speeding or driving while intoxicated, but not when a driver simply violates a rule of the road. Id.; *Miller v. Crumbley*, 249 Ga. App. 403, 405 (3) (548 SE2d 657) (2001); *Carter v. Spells*, 229 Ga. App. 441, 442 (494 SE2d 279) (1997).

The Lindseys argue that the evidence that Holtzclaw frequently used his mobile phone while driving although he knew it was dangerous, as demonstrated by the fact that he instructed company employees not to talk on their mobile phones while driving, coupled with the fact that he admitted that he was distracted by looking up a number on his phone at the time of the collision, would authorize a jury to find the requisite pattern or policy of driving dangerously. The Lindseys also argue that defendants conceded in their trial court brief that several studies have shown that talking on a mobile phone while driving is dangerous, perhaps as much or more dangerous than

driving while intoxicated.

In Georgia, the proper use[1] of a wireless communication device while driving does not constitute a violation of the duty to exercise due care while operating a motor vehicle. OCGA § 40-6-241. Although Holtzclaw admitted that he was not paying attention because he was distracted by looking up a number and thus was not exercising due care at the time of the accident, as stated above, mere negligence, even gross negligence, is not enough to support a claim of punitive damages; there must be clear and convincing evidence of a pattern or policy of dangerous driving. *Brooks*, 262 Ga. App. at 232. In this case, there is no evidence that Holtzclaw was speeding, driving while under the influence, or that he had a history of distraction-related accidents, traffic violations, or other evidence that would show a pattern of dangerous driving or other aggravating circumstances so as to authorize an award of punitive damages. Id. at 233-234 (crossing centerline and operating vehicle without a proper license did not warrant imposition of punitive damages); *Miller*, 249 Ga. App. at 405 (3) (no evidence of pattern or policy of dangerous driving where tortfeasor failed to keep a proper lookout and pled guilty to following too closely). Compare *Langlois v. Wolford*, 246 Ga. App. 209, 210 (1) (539 SE2d 565) (2000) (punitive damages authorized where tortfeasor left the scene of an accident, was intoxicated, and had a history of prior DUIs and traffic violations). Although there was evidence that Holtzclaw had a pattern of regularly talking on his mobile phone while driving, as stated above, the proper use of a cell phone while driving is permissible in Georgia, and thus the evidence of mobile phone use did not, without more, establish a policy or pattern of dangerous driving. However, in so holding, we would stress that our opinion in this case should not be read for the proposition that punitive damages are never available in a case where a driver causes an accident because he or she was distracted while talking on a wireless communication device. But in this case, where there is no evidence of a policy or pattern of dangerous driving or other aggravating circumstances, the trial court correctly granted partial summary judgment to the defendants on plaintiffs' claim for punitive damages.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

---

[1] Subject to certain exceptions, reading, sending or writing text based communications while driving is now prohibited in Georgia, OCGA § 40-6-241.2, and drivers under age 18 are prohibited from all forms of wireless communication while driving, except in certain specified situations. OCGA § 40-6-241.1.

DECIDED SEPTEMBER 14, 2011 —
RECONSIDERATION DENIED NOVEMBER 15, 2011 — 

*John C. Cotton, Saleem D. Dennis*, for appellants.
*William H. Hedrick*, for appellees.