### 58287. IVIE v. THE STATE.

CARLEY, Judge.

Appellant was indicted for homicide by vehicle, in that he "did, without malice aforethought cause the death of Pamela Ann Boone by driving his motor vehicle in a reckless disregard for the safety of Pamela Ann Boone, by failing to grant the right of way to oncoming traffic . . ." From the judgment of conviction entered upon the jury's verdict of guilty, appellant appeals.

1. The general grounds are without merit since the evidence here is sufficient to support the verdict and it is the sufficiency of the evidence as opposed to its weight which is cognizable by an appellate court. *Viener v. State,* 150 Ga. App. 175 (1979); *Raymond v. State,* 146 Ga. App. 452 (246 SE2d 461) (1978). Furthermore, after a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial

proof of guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

2. Appellant urges several enumerations of error the underlying argument in support of which appears to be an attack on the indictment. In *State v. Black,* 149 Ga. App. 389 (254 SE2d 506) (1979), we held an indictment for the offense of "Vehicle Homicide (68A-903) [in that] while operating a motor vehicle on and over said public road and highway, known as State Route No. 11, in a reckless manner, to wit: failing to yield right of way, did lawfully and without malice aforethought [cause the death of another]" was subject to demurrer in that it was not possible to determine whether the defendant was being charged with homicide by vehicle in the first degree under Code Ann. § 68A-903 (a) (reckless driving) or in the second degree under Code Ann. § 68A-903 (b) (failure to yield the right of way). In the instant case, however, unlike *Black,* no demurrer to the indictment has been filed. "One who waives the right to be tried upon an indictment perfect in form and substance by failing to demur and takes his chances on an acquittal, will not be heard after conviction to urge defects in the indictment unless the defects are so great that the indictment is absolutely void. [Cits.]" *Mealor v. State,* 135 Ga. App. 682, 683 (218 SE2d 683) (1975). Furthermore, in this case, also unlike *Black,* the indictment charging appellant with homicide by vehicle tracked the language of Code Ann. § 68A-901 (a), accusing appellant of "driving his motor vehicle in a reckless disregard for the safety of [the deceased]." See *Barton v. State,* 79 Ga. App. 380 (53 SE2d 707) (1949). Although the indictment contains the additional phrase "by failing to grant the right of way to oncoming traffic," a common sense reading of the entire indictment makes it clear that appellant was being charged with homicide by vehicle in the first degree in that he failed to yield the right of way to oncoming traffic in reckless disregard for the safety of the deceased — reckless driving under Code Ann. § 68A-901. See *Walker v. State,* 146 Ga. App. 237, 240-241 (246 SE2d 206) (1978).

It, therefore, follows that it was not error to deny appellant's motion for directed verdict. *Byers v. State,* 236 Ga. 599 (225 SE2d 26) (1976). Nor was it error, in the

absence of a timely written request, for the trial judge to fail to charge on the lesser included offense of homicide by vehicle in the second degree. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976). And, as discussed in Division 1, supra, the evidence supports the verdict. Appellant's enumerations of error 3, 5, 6 and 10 are without merit.

3. A witness for the state, the investigating officer, testified that he smelled alcohol on the breath of appellant. He was permitted to testify that he advised appellant of his rights and obligations to submit to a chemical test under the implied consent law and of the consequences of a refusal to submit to such testing. Without objection, the witness testified that appellant refused to submit to a chemical test. Subsequently, on cross examination, the witness stated: "I told him he stood a chance of losing his license, there was a possibility of losing his license." Appellant's counsel thereupon moved for mistrial or, in the alternative, that the witness' testimony with reference to the implied consent warnings be stricken. Appellant enumerates as error the court's overruling of both motions.

The basis for appellant's argument that the motions should have been granted is that the officer testified to advising appellant that refusal to submit to the test would result in the "possibility" of license suspension rather than that a suspension would inevitably result from the refusal. It is urged that this testimony demonstrates that appellant was not advised of his rights under the implied consent law and of the consequences of his decision to undergo or to decline the test and that all testimony with reference to the warnings was "prejudicial" and should have, at the minimum, been stricken. We do not agree.

Even assuming without deciding that evidence of the *refusal* to submit to a chemical test would be inadmissible because of a failure to fully advise under Code Ann. § 68A-902.1, in view of the exhaustive suspension review procedure established by Code Ann. § 68B-306, appellant's argument that a warning that refusal to submit to the test would "possibly" result in suspension did not permit him to make an intelligent choice in the matter strains credulity. Appellant was not entitled to a warning which tracked the *exact* language of the implied

consent statute. *Howard v. Cofer,* 150 Ga. App. 579 (1979). The trial court did not err either in declining to declare a mistrial or in refusing to strike the officer's testimony.

4. Error is enumerated on the giving of the following instruction: "When witnesses appear and testify they are presumed to speak the truth and are to be believed . . . " It is urged that, since appellant chose not to take the stand or present witnesses in his defense, the quoted charge erroneously shifted the burden of proof to him and instructed the jury that he should be convicted because he had failed to produce evidence that would be sufficient to overcome the "presumption" that the state's witnesses spoke the truth.

We note at the outset that the quoted language is taken out of the context in which it appears in the charge as given to the jury. It was given as a portion of the charge on impeachment of witnesses which reads, in its entirety: "[T]o impeach a witness is to establish that he or she is unworthy of belief. When the believability of a witness is attacked the Jurors then must decide the truthfulness of the witness' testimony. When witnesses appear and testify they are presumed to speak the truth and are to be believed by the Jury unless it is established that they are unworthy of belief in some manner provided by law, or otherwise contradicted in your judgment . . ." It is apparent from a review of the record that this charge on impeachment was given because of appellant's attempts to impeach the investigating officer by showing that he had made contradictory statements with regard to the implied consent warnings and also to impeach another witness for the state by proof of his conviction of a felony. Thus, when the quoted language is viewed in the context of the entire charge and of the circumstances of the case, it is readily apparent that, rather than being harmful to appellant, it was actually relevant to his defense and beneficial in that it instructed the jury that it could find the state's witnesses to be impeached and thus discredit their testimony. "Where an excerpt from a charge appears incomplete when isolated from its context, but when construed with the remainder of the charge the completeness is supplied and a clear and correct legal proposition is presented to the jury; there is no error."

*Rucker v. State,* 135 Ga. App. 468, 472 (218 SE2d 146) (1975).

Furthermore, review of the entire charge as it was given to the jury demonstrates that there were numerous instructions as to the state's burden of proving each essential element of the crime beyond a reasonable doubt. The judge fully and fairly charged on the presumption of innocence which remained with appellant until proved guilty beyond a reasonable doubt. It is clear that when the charge is considered as a whole, including the challenged portion in its context, the ultimate burden of persuasion in this case was in no way shifted from the state to appellant.

5. Appellant enumerates the failure of the trial judge to give, without request, several charges. "We have carefully scrutinized the charge of the court on the law in this case and find that in all respects the charge was appropriate to the issues, stated correct principles of law and adequately informed the jury of the legal guidelines necessary to decide the issues before it. It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. [Cit.] Furthermore, though present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. [1968], pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.] No such error occurred in this case." *Hardin v. State,* 141 Ga. App. 115, 116 (232 SE2d 631) (1977). As in *Hardin,* we find that the enumerations relating to the trial court's failure to give certain unrequested charges in the case at bar are without merit.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued September 4, 1979 — Decided September 25, 1979.

*Paul S. Weiner,* for appellant.
*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.