61090. WHITE et al. v. TAYLOR.

QUILLIAN, Chief Judge.
To avoid arrest for violations of the Georgia Controlled Substances Act defendant-appellee Taylor was fleeing from police through city streets in his automobile at a high rate of speed when he ran a stop sign and struck broadside the automobile being driven by plaintiff-appellant Shirley White, causing her bodily injury. She and her husband brought this action to recover damages for her injuries and the husband's loss of consortium. During trial appellee presented no evidence contradicting liability. Over appellant's objection, to mitigate punitive or aggravated damages appellee presented evidence of his convictions and punishments for the traffic offenses which culminated in the collision (probated confinement and $2500 fine) and for the controlled substances act violations (10 years confinement and $5000 fine). The jury returned a verdict for Mrs. White of $10,000 actual damages and $2500 aggravated damages for her injuries and nothing for Mr. White for loss of consortium, *from*

*which they appeal. Held:*

Appellants contend that it was error to permit the introduction of any criminal convictions and punishments to mitigate aggravated damages; that even if the conviction and punishment for the driving offenses was admissible, the conviction and punishment for the controlled substances act was not; and that the jury was erroneously charged that they could consider any criminal punishments received by appellee in mitigation of the damages.

There is a conflict of authority among the states on whether criminal punishments can be used to mitigate civil punitive damages arising from the same act. 98 ALR3d Anno. 870, 881, § 5 (1980). *Cherry v. McCall,* 23 Ga. 193, places Georgia among those states which permit such use of criminal punishments. While *Cherry v. McCall* has not been applied in any reported cases since it was decided, it has been distinguished in *Cottingham v. Weeks,* 54 Ga. 275 and, recently, in *Gunthorpe v. Daniels,* 150 Ga. App. 113 (3) (257 SE2d 199).

None of appellants' arguments persuade us that *Cherry v. McCall* is no longer valid as precedent. In this case appellee's criminal conduct of speeding, failure to stop for a stop sign, and reckless conduct was the same conduct which caused the injury to Mrs. White and the punishment therefor was admissible in mitigation of punitive damages under *Cherry v. McCall.*

We find, however, that the admission of appellee's punishment for violations of the controlled substances act was improper as that was not the same conduct which resulted in the injury to Mrs. White. *Cherry v. McCall,* 23 Ga. 193, supra, and cases from other jurisdictions digested in 98 ALR3d Anno. 870, supra, all appear to involve the admission of criminal punishments for the same acts which caused the tort. We cannot see any rational reason for extending the rule beyond the same conduct limitation.

Accordingly, the trial court erred in admitting evidence of the controlled substances conviction and punishment and in thereafter instructing the jury that they could consider such evidence in mitigation of punitive or aggravated damages.

Since we cannot say as a matter of law that the introduction of the inadmissible evidence did not adversely affect the verdict, we reverse as to damages.

The remaining enumerations are either mooted by the foregoing holding, are not meritorious, or are not likely to recur at a new trial.

*Judgment reversed as to damages only. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981 —

*M. Francis Stubbs,* for appellants.
*W. Ward Newton,* for appellee.