## 74058. PRYOR v. THE STATE.
(354 SE2d 690)

BANKE, Presiding Judge.

The appellant filed this appeal from the denial of his motion for new trial following his conviction of driving under the influence of alcohol.

The arresting officer, a Georgia state patrolman, encountered the appellant at the scene of a single vehicle accident and determined that he had been the driver and sole occupant of a truck which was overturned in the middle of an intersection. Observing that the appellant's gait was unsteady, that his speech was slurred, and that he had a strong odor of alcohol about him, the trooper concluded that he was intoxicated and arrested him for driving under the influence of alcohol.

The trooper testified that upon being read the implied consent

warning required by OCGA § 40-5-55 at the time of his arrest, the appellant denied having consumed any alcohol and refused to submit to a chemical test to determine intoxication. Thereafter, the appellant was placed in the back seat of the patrol car, where he "dozed off a time or two." The appellant was then transported to a hospital, where he was treated for minor injuries and was again read the implied consent warning. Again, however, he refused to be tested. He was then transported to the Spalding County Sheriff's Department where for a third time he was advised of his rights and refused to be tested. *Held*:

1. The appellant contends that the trial court erred in failing to quash the uniform traffic citation on which he was tried on the ground that the jurat, or attesting signature appearing below the "officer's certification," did not have a notary seal affixed to it. In *King v. State*, 176 Ga. App. 137 (2) (335 SE2d 439) (1985), disapproved on other grounds in *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986), this court rejected a similar contention based on application of the harmless-error test. We similarly can discern no prejudice to the appellant in the present case resulting from the absence of a notary seal and consequently hold that this enumeration of error establishes no ground for reversal. See generally *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977).

2. The appellant contends that evidence of his refusal to submit to a chemical test to determine the alcohol content of his blood should not have been admitted because he was erroneously advised by the arresting officer that his driver's license would be suspended "for a period of six to 12 months" in the event of such a refusal, whereas OCGA § 40-5-63 (b) provides that any suspension imposed pursuant to OCGA § 40-5-55 shall be for six months unless the driver has been charged with homicide by a vehicle, in which event the suspension shall be for 12 months. This enumeration of error is patently without merit. A defendant is "not entitled to a warning which track[s] the *exact* language of the implied consent statute. [Cit.]" *Ivie v. State*, 151 Ga. App. 496, 498 (260 SE2d 543) (1979). In *Ivie*, we rejected the defendant's argument that because he had been advised that there was only "a possibility" of license suspension as a consequence of refusing to submit to chemical testing, the warning was insufficient. Here, as there, the contention that the alleged misinformation prevented the appellant from making an intelligent choice "strains credulity." Id. at 498.

3. We reject the appellant's contention that the trial court erred in denying his motion for a directed verdict of acquittal. The evidence presented by the state was amply sufficient to enable a rational trier of fact to find the appellant guilty of driving under the influence of alcohol beyond a reasonable doubt. See *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984). See generally *Jackson v. Virginia*, 443

U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The appellant's challenge to the jury instructions pertaining to the credibility of witnesses and to conflicting testimony is also without merit. We have reviewed the charge as a whole and conclude that it is unlikely that a jury of ordinary intelligence would have been misled by any alleged misstatement contained therein. See generally *Asbury v. State*, 175 Ga. App. 335 (333 SE2d 194) (1985).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MARCH 9, 1987.

*Virgil L. Brown*, for appellant.
*John Newton, Jr., Solicitor*, for appellee.