A93A1662. THE STATE v. REICH.
A93A1663. THE STATE v. GARZA.
(436 SE2d 703)

BIRDSONG, Presiding Judge.

The State has filed direct appeals under OCGA § 5-7-1 to challenge the trial court's grant of appellees' motions to exclude evidence that appellees refused to take blood-alcohol tests after they were advised that the refusal to take blood-alcohol tests would result in the suspension of their out-of-state driver's licenses for six to twelve months. The trial court found the warnings given were coercive be-

cause the warnings were inaccurate in that contrary to OCGA § 40-5-51 (c), the Department of Public Safety at the time relevant to these appeals was not seeking suspension of out-of-state driver's licenses because of refusal to take blood-alcohol tests. Because the issues are identical, we will treat these appeals in the same opinion. *Held*:

1. Appellees' motions to dismiss the appeals are denied. The grant of a defendant's pretrial motion, whatever its name, to exclude evidence because it was obtained in violation of law, is subject to direct appeal by the State. *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864).

2. The trial court's rulings are reversed. The warnings given by the officers accurately stated the law and correctly stated appellees' rights and the possible penalties appellees would face if they refused to consent to a blood-alcohol test. The fact that the Department of Public Safety, for whatever reason, failed to assess any of these penalties, and thus failed to carry out its responsibilities, cannot change the law.

Further, we also find error in the trial court's analysis of the effect of this alleged misstatement. See *Whittington v. State*, 184 Ga. App. 282, 283-285 (361 SE2d 211). Overstating the penalty one would face for refusing to take a blood-alcohol test would not be likely to coerce either appellee *to refuse* the test. *State v. Sells*, 798 SW2d 865 (Tex. App. 1990) does not stand for the proposition appellees assert. Instead, *Sells* holds that overstating the penalty can coerce one *to take* the test and thus avoid the penalty. It does not follow that overstating the penalty would coerce one to refuse the test and thus suffer the penalty. "[T]he contention that the alleged misinformation prevented the [appellees] from making an intelligent choice 'strains credulity.' [Cit.]" *Pryor v. State*, 182 Ga. App. 79, 80 (354 SE2d 690).

*Judgments reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*W. Glenn Thomas, Jr., District Attorney, James R. Coppage, Assistant District Attorney*, for appellant.
*John J. Ossick, Jr.*, for appellees.