## A94A1023. CHEEVERS v. CLARK.
### (449 SE2d 528)

McMurray, Presiding Judge.

Frederick L. Clark (plaintiff) brought this tort action against Tracy L. Cheevers (defendant) seeking to recover for injuries allegedly sustained when plaintiff's vehicle collided with defendant's truck. According to the complaint, defendant was "parked improperly on a highway while under the influence of alcohol. . . ." Consequently, as plaintiff "proceeded east [on Highway 256], he drove around a curve and crashed into the rear of [defendant's] vehicle which was parked on the highway." In a separate count for punitive damages, plaintiff alleged that defendant was aware that "the automobile collision should have been reported to the local law enforcement agency[ and that defendant] should remain at the scene until the reporting officer arrived." Nevertheless, defendant "did not contact any law enforcement agency [. . . and] left the scene of the wreck before a law enforcement officer arrived." The evidence adduced at a jury trial in support of these allegations included defendant's admission that he had been consuming alcohol throughout the day and that he had a blood-alcohol content of .28 grams percent when he was arrested at his home approximately one hour after the collision.

In a bifurcated proceeding, the jury first awarded plaintiff $1,50 in compensatory damages and then returned a verdict against defendant awarding plaintiff $60,000 in punitive damages. Defendant ap

---

peals from the judgment entered on these verdicts. *Held*:

1. In his third enumeration, defendant contends the trial court erred in admitting into evidence the results of the intoximeter test performed on him because the arresting officer could not recall the precise wording in which he gave defendant his implied consent warnings.

Gene Jones, Chief of Police for the City of Poulon, testified that he gave defendant the following implied consent warning: " 'Georgia Code 40-5-55 requires you to submit to state administered chemical tests of the blood, breath, urine or other bodily substances for the purpose of determining alcohol or drug contents. The Georgia Code 40-6-392, you have the right to additional tests of the foregoing substances made by a person of your own choosing if you so desire. This additional test in no way satisfies your obligation to submit to the state administered chemical test. Should you refuse my request and [sic] submit to the state administered chemical test your driver's license will be suspended for a period of six months. Will you submit to the state administered test of your breath under the implied consent law.' " Under cross-examination, Chief Jones affirmed that he did not know "whether this was the revision that was in effect on July 21, 1991, [. . . and] if it was a different revision and the wording changed [he did not] know[.]" When the officer who administered the intoximeter test was asked to state the results, defendant interposed an objection "upon the grounds that the proper foundation has not been laid."

"Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, evidence of the amount of alcohol or drug in a person's blood, urine, breath, or other bodily substance at the alleged time, as determined by a chemical analysis . . . shall be admissible." OCGA § 40-6-392 (a). In order for such chemical analysis to be admissible in evidence, "[a] defendant is 'not entitled to a warning which track(s) the *exact* language of the implied consent statute. (Cit.)' *Ivie v. State*, 151 Ga. App. 496, 498 (260 SE2d 543) (1979)." (Emphasis in original.) *Pryor v. State*, 182 Ga. App. 79, 80 (2) (354 SE2d 690). In the case sub judice, the warning given by Chief Jones advised defendant that independent testing of "blood, breath, urine or other bodily substances . . ." was available. Compare *Hulsey v. State*, 138 Ga. App. 221 (225 SE2d 752). The trial court did not err in admitting this evidence over defendant's objection as to foundation.

2. In his second enumeration, defendant contends the trial court erred in charging the jury on the presumptions of intoxication at various blood-alcohol levels established by OCGA § 40-6-392 (b). He argues that the charge was not adjusted to the evidence because there

was no testimony indicating his blood-alcohol level at the time of the collision. However, given that chemical analysis of defendant's blood at the time of his arrest approximately one hour after the collision showed a blood-alcohol level of .30 grams percent, the jury was authorized to infer that defendant's blood-alcohol at the time of the collision was .08 grams percent or greater. The absence of testimony about the metabolic rate of alcohol in the blood so as to permit a calculation of blood-alcohol content at the actual time of the collision does not render the evidence insufficient to support the desired inference. *Simon v. State*, 182 Ga. App. 210, 211 (3), 212 (355 SE2d 120); *Morris v. State*, 172 Ga. App. 832, 833 (1) (324 SE2d 793). Consequently, the trial court did not err in charging the jury on the presumptions of OCGA § 40-6-392 (b).

3. Defendant contends in his first enumeration the trial court erred in giving jury instructions on negligence per se arising out of defendant's leaving the scene of an accident and his failure to report the accident. He argues that any evidence of his departure from the scene of the accident or his failure to report the accident to authorities was irrelevant to the issue of liability or any other issue properly raised during the first phase of the trial. However, this issue has been determined adversely to defendant's contentions.

"The conduct of a hit-and-run driver of an automobile in failing to stop and give his name, etc., and render assistance to the person injured by him in the operation of his automobile along a public highway, may, in that it is in violation of a statute (Ga. L. 1927, pp. 226, 238; Code § 68-308 [now OCGA § 40-6-270]), be regarded as negligence as a matter of law. Although when taken alone such conduct may have no causal connection with the act which caused the injuries, the conduct of the driver in hitting, running, and failing to stop, etc. is a circumstance which may be considered, in connection with his other acts preceding the injury, as tending to establish his conduct in causing the injury as being negligence." *Battle v. Kilcrease*, 54 Ga. App. 808 (1) (189 SE 573). In the case sub judice, even though defendant is not a "hit-and-run" driver, the trial court did not err in charging the jury on negligence per se arising out of defendant's leaving the scene of an accident and in failing to report the accident to the proper authorities.

4. In his fourth and fifth enumerations, defendant contends the trial court erred during the second phase of the trial in admitting evidence of "defendant's arrest for unrelated events, on the night of September 26, 1993." He argues first that evidence of his subsequent arrest for again driving while under the influence of alcohol, ("DUI") "consumed undue time, unfairly prejudiced jurors against the defendant, and diverted the jury's attention to the resolution of a collateral issue." Secondly, he claims that evidence of subsequent criminal con-

duct is inadmissible "where the pending criminal charge had not been resolved and, therefore, no punishment or acquittal could be offered in mitigation or extenuation."

"[D]riving under the influence of alcohol so as to cause personal injuries to another is an aggravating circumstance in the act which would authorize the jury to give punitive damages to deter the wrongdoer from repeating the act. The extent of the defendant's wilful misconduct, wantonness and entire want of care in driving under the influence cannot be gauged solely by focusing on the incident in issue. . . . [E]vidence of pleas of guilty to subsequent DUI offenses is . . . admissible. [Cit.]" *Moore v. Thompson*, 255 Ga. 236, 237 (336 SE2d 749). Evidence that defendant "*did* harm someone, and *still* kept driving drunk repeatedly thereafter . . . demonstrates his conscious indifference to the *actual* consequences of his drunken driving and sheds light on the intention existing when this tort occurred." *Thompson v. Moore*, 174 Ga. App. 331, 335 (329 SE2d 914) (Beasley, J., concurring specially), aff'd, *Moore v. Thompson*, 255 Ga. 236, supra. Consequently, we find to be without merit defendant's relevancy objection to evidence of his subsequent arrest for DUI.

Nevertheless, defendant contends that it was fundamentally unfair to admit evidence of this subsequent offense prior to the resolution of any criminal proceedings, because he was denied an opportunity to plead any punishment (or acquittal) in mitigation of punitive damages such as he was able to plead with respect to the DUI charge arising out of the collision at issue.

In mitigation of any award of punitive damages, defendant introduced evidence of his guilty pleas to leaving the scene of an accident and impeding traffic as well as his pleas of nolo contendere to DUI and improper lights, indicating the fines and penalties imposed. The trial court further permitted defendant to read to the jury the provisions of OCGA § 40-6-392 (c), including the fines and penalties applicable to a second DUI conviction and the court instructed the jury that this Code section was to be considered as it "may bear upon the question of mitigation in this case."

The early case of "*Cherry v. McCall*, 23 Ga. 193, places Georgia among those states which permit [the] use of criminal punishments [to mitigate civil punitive damages arising from the same act]." *White v. Taylor*, 157 Ga. App. 328, 329 (277 SE2d 321). However, the fact that criminal proceedings had not been brought to a conclusion prior to the introduction of defendant's behavior in support of plaintiff's claim for civil punitive damages does not mean that defendant has been unfairly denied an opportunity to present evidence in mitigation of such damages. " 'In order for a similar transaction to be admissible, it is not required that the transaction resulted in a conviction. (Cit.)' *Tilley v. State*, 197 Ga. App. 97, 98 (2) (397 SE2d 506) (1990)." *Sar-*

*tin v. State*, 203 Ga. App. 293, 295 (3), 296 (3b) (416 SE2d 572). "' "[Any] acquittal merely exempts him (the defendant) from [criminal] punishment and from another prosecution. It does not necessarily show that he was innocent [but is consistent with the State's failure to prove guilt beyond a reasonable doubt]." ' *Taylor v. State*, 174 Ga. 52, 68 [(162 SE 504), overruled on other grounds, *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605)]." *Jones v. State*, 159 Ga. App. 634 (1), 636 (284 SE2d 651). In the case sub judice, the trial court properly admitted evidence of defendant's subsequent acts of driving while under the influence of alcohol despite the fact that criminal proceedings remained unresolved where the court also permitted defendant to plead and prove the possible statutory penalties for a second DUI conviction in mitigation of his culpability for punitive damages. "Compare *Cherry v. McCall*, 23 Ga. 193, 194 (2)[, supra]. The jury, having heard this evidence in mitigation, was nevertheless authorized to return its award of punitive damages based upon [defendant's] conduct of driving while under the influence. *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 804 (4) (418 SE2d 604) (1992)." *Clarke v. Cotton*, 207 Ga. App. 883 (1) (429 SE2d 291), aff'd, 263 Ga. 861 (440 SE2d 165).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 6, 1994 —
RECONSIDERATION DENIED OCTOBER 19, 1994 —

*Simpson, Gray & Carter, Ralph F. Simpson, Melanie B. Cross, Elizabeth B. Gibbs*, for appellant.
*Norman J. Crowe, Jr., B. T. Edmonds, Jr.*, for appellee.