## A01A2281. CRANE BROTHERS, INC. v. MAY.
(556 SE2d 865)

PHIPPS, Judge.

Stephen May hired Crane Brothers, Inc. to drill a well on his land. Crane Brothers completed the work and billed May. When May did not pay the bill, two Crane Brothers employees went to his workplace. An altercation occurred, and the police were called. According to counsel for Crane Brothers, both employees were charged with simple battery, and one was convicted and fined $230. Crane Brothers sued May for breach of contract for the unpaid bill. May filed a counterclaim for assault and battery, claiming that Crane Brothers was vicariously liable for the torts of its employees.[1] The jury found

---

[1] Importantly, May did not assert any direct claim against Crane Brothers, such as negligent hiring, supervision, or retention.

for Crane Brothers on its contract claim and for May on his counter-claim. In mitigation of damages, Crane Brothers sought to introduce evidence of its employee's conviction and fine, but the trial court refused to allow it. The jury awarded May $30,000 in punitive damages. Crane Brothers appeals, challenging the exclusion of the mitigating evidence.

It has long been the law in Georgia that an individual sued for punitive damages may introduce mitigating evidence of his previous criminal conviction and punishment arising from the same act.[2] Thus, in *White v. Taylor*, we held that the defendant in a lawsuit for personal injuries resulting from an automobile collision could present evidence "of his convictions and punishments for the traffic offenses which culminated in the collision."[3] This case presents the question whether an employer, sued for the tort of its employee under a theory of respondeat superior, may introduce evidence of the employee's criminal punishment in mitigation of punitive damages. We hold that the employer may do so.

Crane Brothers argues that, insofar as it is vicariously liable for its employee's torts, including punitive damages resulting therefrom, it should be entitled to raise any defense or opportunity to mitigate damages available to the employee, including criminal punishment already imposed. May, on the other hand, argues that Crane Brothers should not be allowed to use its employee's punishment to mitigate its damages because the party who was prosecuted was not Crane Brothers, but its employee. May points out that there is no evidence Crane Brothers paid its employee's criminal fine or suffered any consequences as a result of the prosecution. The trial court agreed with May. It denied Crane Brothers' motion for new trial on the ground that "[s]ince [Crane Brothers] played no part in the criminal prosecution, the conviction did not mitigate its damages."

Under the doctrine of respondeat superior, an employer is liable for torts committed by its employees in the prosecution and within the scope of the employer's business.[4] Liability is imputed not because the employer has itself committed a wrongful act, but because the employer "has put the agent in [its] place to do that class of acts, and [it] must be answerable for the manner in which the agent has conducted himself in doing the business which it was the act of the master to place him in."[5]

---

[2] *Cherry v. McCall*, 23 Ga. 193 (1857); *Cheevers v. Clark*, 214 Ga. App. 866, 869 (4) (449 SE2d 528) (1994); *White v. Taylor*, 157 Ga. App. 328, 329 (277 SE2d 321) (1981).

[3] *White*, supra at 328.

[4] OCGA § 51-2-2.

[5] (Citations and punctuation omitted.) *Savannah Elec. Co. v. Wheeler*, 128 Ga. 550, 556 (58 SE 38) (1907).

The employer's respondeat superior liability includes liability for punitive damages if the employee's wrongful conduct was sufficient to permit such damages.[6] The employer need not authorize or ratify the tortious conduct in order to be held vicariously liable for punitive damages.[7] It follows that punitive damages are not awarded to punish the employer, who was not sued for any direct wrong it committed. Rather, punitive damages are intended to punish the wrongful conduct of the employee, for which the employer is vicariously liable. Therefore, the employer should be allowed to show that the conduct already has been punished via criminal prosecution of the employee. That the employer has not borne the consequences of the criminal prosecution is irrelevant because the punitive damages are meant to punish the *conduct*, not the employer.

May argues that in this case, Crane Brothers ratified the tortious acts of its employees and therefore should not be able to benefit from the criminal punishment of one employee. That, however, goes to the weight of the mitigating evidence rather than its admissibility. The trial court should have allowed Crane Brothers to present evidence of its employee's criminal punishment in mitigation of punitive damages. Accordingly, we reverse the award of punitive damages.

*Judgment reversed as to punitive damages only. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 30, 2001 — 

*Stockton & Stockton, Lawrence A. Stockton, Jr.*, for appellant.
*Healy & Svoren, Timothy P. Healy*, for appellee.

---

[6] *Sightler v. Transus, Inc.*, 208 Ga. App. 173 (430 SE2d 81) (1993); *American Fidelity &c. Co. v. Fanner*, 77 Ga. App. 166, 178 (3) (48 SE2d 122) (1948).

[7] *American Fidelity*, supra.