S02G0573. MAY v. CRANE BROTHERS, INC.

(576 SE2d 286)

BENHAM, Justice.

When a dispute arose concerning a contract pursuant to which Crane Brothers was to dig a well for May, two employees of Crane Brothers physically attacked May. Arrested and charged with simple battery, one was convicted and fined and the other was acquitted. Crane Brothers sued May on the debt and May counterclaimed in tort, seeking to hold Crane Brothers liable in respondeat superior for its employees' alleged assault and battery. A jury awarded damages and attorney fees to Crane Brothers on the contract claim, and awarded May $470 in compensatory damages and $30,000 in punitive damages on his tort claim. On appeal, the Court of Appeals reversed the punitive damages portion of the judgment because of the exclusion of mitigation evidence of the employee's criminal conviction and fine. *Crane Brothers, Inc. v. May*, 252 Ga. App. 690 (556 SE2d 865) (2001). In granting May's petition for certiorari, this Court posed the following question:

Whether, in the phase of a trial conducted pursuant to OCGA § 51-12-5.1 (d) (2) for the purpose of determining the amount of punitive damages, an employer who has been found vicariously liable for the tortious conduct of its employee can introduce as mitigation evidence the employee's criminal conviction.

That a defendant's criminal conviction for the acts which under-

lie a tort action may be considered by the jury in mitigation of punitive damages was established in Georgia in *Cherry v. McCall*, 23 Ga. 193 (1857). The ruling there was based on the principle that "a man shall not be twice punished for the same offence." Id. at 199. That principle has no application to the situation presented in this case because Crane Brothers never bore any risk of punishment by the criminal justice system for the offense committed by its employee. *Davis v. City of Peachtree City*, 251 Ga. 219, 220 (304 SE2d 701) (1983).[1]

The analysis adopted by the Court of Appeals in this case went awry when it held that "punitive damages are intended to punish the wrongful conduct of the employee. . . ." *Crane Brothers, Inc. v. May*, supra, 252 Ga. App. at 692. That analysis is inconsistent with our statute on punitive damages which provides that punitive damages "shall be awarded . . . to punish, penalize, or deter a defendant." OCGA § 51-12-5.1 (c). As may be seen from the language of the statute, an award of punitive damages is not intended to punish conduct, but to punish or, as in a case such as this one, to deter a defendant.[2] The employee who was convicted of a crime for his attack on May was not a defendant in this case, so whether the employee has been punished is irrelevant to the goal of deterring the defendant, the employer, from permitting such behavior on the part of its employees.[3] The argument put forth by the Court of Appeals and by the dissent, that since the employee could have introduced, for the purpose of mitigation, evidence of his conviction, the employer whose liability is based on the conduct of the employee should be entitled to offer the

---

[1] The dissent's assertion that our ruling puts Crane Brothers in a worse position in a tort action than the wrongdoing employee would have been ignores the fact that the employee and the employer are not similarly situated: the employee has been punished by the criminal justice system and the employer has not been and, indeed, could not have been.

[2] In suggesting that punitive damages are intended to punish "conduct" as well as persons, the dissent joins the Court of Appeals in linguistic error: *conduct* is not punished, penalized, or deterred, but *persons* (including artificial persons such as corporations) are punished or penalized for unacceptable conduct and are deterred from engaging in that conduct again, or as in the present case, deterred from permitting that conduct by its agents. While we speak informally of punishing a person's conduct, the true meaning of that phrase is that we punish a person on account of the person's conduct. Such informality is generally harmless, but when it leads to confusion in the discussion of legal principles, as it did in the opinion of the Court of Appeals and in the dissent, it should be avoided.

[3] The dissent's invocation of OCGA § 51-12-5.1 (b) addresses only the question of whether an employer can be liable for punitive damages for the act of its employee, but that issue was resolved in 1877 in *Gasway v. Atlanta and West Point R. Co.*, 58 Ga. 216 (2) (1877). The principle was restated in *Fowler v. Smith*, 237 Ga. App. 841 (2) (516 SE2d 845) (1999):

> In Georgia, employers or principals may be vicariously liable for punitive damages arising from the acts or omissions of their employees or agents if such tortious conduct is committed in the course of the employer's or principal's business, within the scope of the servant's or agent's employment, and is sufficient to authorize a recovery of punitive damages under OCGA § 51-12-5.1.

same evidence, ignores the principle underlying the employee's right to offer the evidence, that one should not be punished twice for the same conduct. The employer in this case suffered no initial punishment and is, therefore, not in danger of being subjected to multiple punishment.

We conclude, therefore, that where an employer is held liable under respondeat superior for the tort of its employee and punitive damages are sought, the employer has no right to present as mitigative evidence the conviction of its employee for the conduct on which the suit is based. The Court of Appeals erred in holding otherwise.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

Crane Brothers is not being subjected to punitive damages for any act or omission it committed. Rather, it is being held liable for punitive damages based solely on the wrongful acts of its employee. Under long-established Georgia law, the jury would be able to consider the wrongdoer's prior criminal conviction for the same conduct in deciding whether to impose additional punishment in the form of punitive damages. Because the majority places Crane Brothers in a worse position in a tort action than the wrongdoing employee would have been, I dissent.

For all causes of action arising after April 14, 1997, Georgia's punitive damages statute allows punitive damages only in tort actions "in which it is proven by clear and convincing evidence that the *defendant's actions* showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[4] Although May's cause of action arose after April 14, 1997, his claim for punitive damages does not rest on any act or omission by the employer. He made no claim for negligent hiring, supervision, retention, or any other theory that involved wrongdoing on Crane Brothers' part.[5]

Rather, May's claim for punitive damages is based entirely on the acts of a Crane Brothers' employee, who assaulted and battered May, and May imputes that employee's wrongdoing to Crane Brothers under the doctrine of respondeat superior.[6] Contrary to the majority's view, punitive damages are intended to punish and deter both

---

[4] OCGA § 51-12-5.1 (b) (emphasis supplied), (h).

[5] In this case, one of the tortfeasor-employees was a part-owner of Crane Brothers. Neither tortfeasor was discharged following the assaults.

[6] *Brown v. Who's Three, Inc.*, 217 Ga. App. 131, 132 (457 SE2d 186) (1995) ("The negligence of the master [in a respondeat superior case] is entirely derivative from the servant's negligence.").

conduct and defendants. Specifically, punitive damages are intended to "punish, penalize, or deter" a defendant from engaging in particularly egregious tortious conduct.[7] Here, however, the defendant is not facing punitive damages because it engaged in any wrongdoing; instead, it is liable only because it employed the person who committed the tortious conduct. Thus, as the court of appeals correctly noted, Crane Brothers is being subjected to punitive damages solely for the conduct of its employee and not for anything that it has done.

Since 1857, the law in Georgia has been that a person may show the jury in a civil action that he has already been punished by the criminal justice system for the same conduct that is the basis for imposing punitive damages.[8] If May had sued the employee who had attacked him, that employee would be able to offer his criminal conviction in mitigation (not exoneration) of any punitive damages that a jury may be inclined to impose. Likewise, if an employer is going to be subjected to damages that are designed to punish, penalize, or deter based solely on its employee's wrongful conduct, then the employer should be able to present the same evidence of mitigation that the actual wrongdoer is entitled to present. Otherwise, there is no reasoned ground for holding the employer liable for punitive damages when the sole basis for imposing punitive damages is the employee's wrongdoing.

DECIDED MARCH 3, 2003.

*Healy & Svoren, Timothy P. Healy*, for appellant.
*Stockton & Stockton, L. Allyn Stockton, Jr.*, for appellee.

---

[7] OCGA § 51-12-5.1 (b), (c).

[8] *Cherry v. McCall*, 23 Ga. 193 (1857); *Cheevers v. Clark*, 214 Ga. App. 866, 869 (449 SE2d 528) (1994); *White v. Taylor*, 157 Ga. App. 328, 329 (277 SE2d 321) (1981).