A09A2283. THE STATE v. BIDDLE.
(693 SE2d 539)

BARNES, Judge.

The State appeals the trial court's decision that from the wording of the indictment Adam Wade Biddle could only be convicted of vehicular homicide in the second degree. For the reasons stated below, we vacate the judgment of the trial court and remand the case with direction to reinstate the convictions for the two counts of vehicular homicide in the first degree as found by the jury, and to sentence Biddle accordingly.

The record shows that Biddle was indicted for two counts of vehicular homicide in the first degree, one count of reckless driving and one count of driving on the wrong side of the highway. The charges arose from a collision between the vehicle driven by Biddle and another vehicle in which the victims were riding. Count I of the indictment alleged the following:

> The grand jurors, . . . , in the name and behalf of the citizens of Georgia, charge and accuse ADAM WADE BIDDLE with the offense of HOMICIDE BY VEHICLE IN THE FIRST DEGREE for that the said accused; in the County aforesaid, on the 17th day of December, 2007,

---

[16] (Punctuation omitted.) *State v. Perry*, 261 Ga. App. 886, 887, n. 1 (583 SE2d 909) (2003).

unlawfully, did then and there, without malice afore-thought, cause the death of [the victim], a human being, through a violation of Official Code of Georgia Annotated Section 40-6-390, Reckless Driving, by driving his vehicle in a reckless manner, to wit: driving on the wrong side of a roadway and hitting the vehicle wherein [the victim] was a passenger, contrary to the laws of said State, the good order, peace and dignity thereof.

Count II of the indictment was identical to the first with the exception of the victim's name and the allegation that the second victim was the driver of the other vehicle rather than being a passenger. Count III charged Biddle with the crime of reckless driving and alleged that Biddle

did then and there, drive a motor vehicle in reckless disregard for the safety of persons and property, by driving his vehicle in a reckless manner, to wit: said accused did turn around on a one-way travel lane and did drive on the wrong side of said roadway, to wit: Georgia Highway #3 in Mitchell County, Georgia, contrary to the laws of said State, the good order, peace and dignity thereof.

Count IV alleged that Biddle unlawfully "operate[d] a moving motor vehicle on the left side of a roadway designed and authorized for traffic traveling in the opposite direction, and without being at such distance as not to create a hazard in the event another vehicle might approach from the opposite direction."

Although the jury found Biddle guilty as charged, upon receiving the verdict, the trial court stated:

And I find from the wording of Counts I and II that homicide by vehicle in the second degree is actually what is charged because of the fact that it does not use the language of the definition of the offense of reckless driving in its definition of the offense, but rather it uses driving on the wrong side of the road, which makes Count I and Count II misdemeanors rather than felonies.

I find that as a result of that, that Count III, which properly charges the offense of reckless driving, does not merge into Count Numbers I and II, but Count IV, driving on the wrong side of the road, which is an element of — the definition is an element of the offense of homicide by vehicle in the second degree, does merge into Counts II and III, and the bottom line is that the Court finds that you have, by

operation of law, been found guilty of in Count I, homicide by vehicle in the second degree; County II, homicide by vehicle in the second degree; Count III, reckless driving.

1. Contrary to Biddle's contention, it is plain from the record that this was not a finding based upon the evidence so that the trial court's action could be termed the grant of a directed verdict on the charges of vehicular homicide in the first degree. This appeal is cognizable under OCGA § 5-7-1 (a) (1) (the State may appeal from an order, decision, or judgment setting aside or dismissing any indictment). Accordingly, Biddle's motion to dismiss the State's appeal is denied.

2. The test of the legal sufficiency of an indictment is whether the indictment contains the elements of the offense that is intended to be charged and sufficiently informs the defendant of what he must defend. *State v. English*, 276 Ga. 343, 346 (2) (a) (578 SE2d 413) (2003). Here, Counts I and II informed Biddle that he must defend against charges of vehicular homicide in the first degree by recklessly driving his vehicle in violation of OCGA § 40-6-390 on the wrong side of the roadway, striking the vehicle in which the victims were riding, and causing their deaths. By alleging that Biddle violated OCGA § 40-6-390, Reckless Driving, the indictment incorporated the elements of that offense that Biddle drove his "vehicle in reckless disregard for the safety of persons or property" and was sufficient to assert an indictment for vehicular homicide in the first degree. *Duggan v. State*, 225 Ga. App. 291, 297 (8) (483 SE2d 373) (1997). Biddle could not admit the charges as made in Counts I and II and still be innocent, or only be guilty of homicide by vehicle in the second degree. "[A] common sense reading of the entire indictment makes it clear that appellant was being charged with homicide by vehicle in the first degree." *Ivie v. State*, 151 Ga. App. 496, 497 (2) (260 SE2d 543) (1979). Accordingly, the trial court erred by finding that Counts I and II charged only homicide in the second degree. Therefore, the convictions and sentence for vehicular homicide in the second degree must be vacated and the case remanded to the trial court to reinstate the convictions for vehicular homicide in the first degree and for resentencing accordingly.

*Judgment vacated and case remanded with direction. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 10, 2010 —
RECONSIDERATION DISMISSED APRIL 2, 2010.

*Joseph K. Mulholland, District Attorney, Leopold F. Joh, Assistant District Attorney*, for appellant.

*George A. Waters, Robert R. McLendon IV*, for appellee.