**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 19, 2023**

# In the Court of Appeals of Georgia

A23A0348. HOLTZCLAW v. THE STATE.

MARKLE, Judge.

Following a jury trial, Benjamin Holtzclaw was convicted of aggravated assault on a peace officer; fleeing or attempting to elude law enforcement; aggressive driving; speeding; and operating a vehicle without proof of insurance or a tag. He now appeals from the denial of his amended motion for new trial, arguing that he received ineffective assistance of counsel due to his attorney's failure to file a general demurrer challenging the aggravated assault and fleeing counts. Finding no error, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence at trial showed that, one evening in November 2018, police attempted to stop the car

Holtzclaw was driving for speeding. Instead of stopping, however, Holtzclaw fled, instigating a high speed chase. Members of the Dawson County Sheriff's Office pursued Holtzclaw and called Georgia State Patrol (GSP) and the Hall County Sheriff's Office for assistance. When the GSP troopers joined the pursuit, they were in uniform and driving marked patrol cars with their lights and sirens activated. Throughout the chase, Holtzclaw swerved in and out of his lane and traveled in excess of 90 miles per hour through neighborhoods as he attempted to escape.

With one trooper directly behind him, Holtzclaw began braking aggressively, causing the trooper's vehicle to collide with his rear bumper. As the trooper pulled next to the driver's side of Holtzclaw's car, Holtzclaw braked aggressively again, violently steered his car to the left, and rammed the trooper's car, forcing him to veer off the road. A second trooper then struck Holtzclaw's car, spinning it before it ultimately came to a stop.

Holtzclaw was indicted for aggravated assault on a peace officer for striking the first trooper's vehicle; fleeing or attempting to elude police; aggressive driving; speeding; no proof of insurance; and no tag. At trial, the responding officers recounted the events of the chase as described above. Each of the GSP vehicles recorded the chase on dash cameras, and these recordings were admitted into

evidence and played for the jury. The videos showed Holtzclaw brake aggressively several times and ram his car into the first trooper's car. Holtzclaw did not testify, and during closing argument, trial counsel advised the jury that the only issue in dispute was the aggravated assault charge. The jury convicted Holtzclaw on all counts.[1]

Thereafter, Holtzclaw filed a series of motions for new trial, arguing, as is relevant to this appeal, that he received ineffective assistance of counsel due to counsel's failure to file a general demurrer challenging the aggravated assault and fleeing counts. Following a hearing, at which trial counsel testified, the trial court denied the motion. Holtzclaw now appeals, raising these same issues.

"To succeed on a claim that counsel was constitutionally ineffective, [Holtzclaw] must show both that his attorney's performance was deficient, and that he was prejudiced as a result." (Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817 (2) (809 SE2d 738) (2018); see also *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). Claims of ineffective assistance of counsel involve mixed questions of law and fact, and we will affirm a

---

[1] The trial court sentenced Holtzclaw to serve nine years on aggravated assault; a consecutive one-year term for fleeing; concurrent twelve-month terms for the aggressive driving, speeding, and insurance counts; and a fine for the no tag charge. The trial court later amended the sentence, merging the aggressive driving and speeding counts into the fleeing conviction.

trial court's factual findings unless clearly erroneous. *Green*, 302 Ga. at 818 (2). We conclude that Holtzclaw cannot meet his burden to show that counsel's performance was deficient.

Before we turn to the specific charges, we first set out the relevant law regarding general demurrers. "The Sixth Amendment to the United States Constitution states that criminal defendants shall be informed of the nature and cause of the accusation against them." (Punctuation and footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54 (1) (464 SE2d 198) (1995). When the indictment fails to meet this standard, it is subject to a general demurrer.

> A general demurrer challenges the sufficiency of the substance of the indictment, and asks whether it is capable of supporting a conviction. An indictment is void to the extent it fails to allege all of the essential elements of the charged crime. To that end, an indictment is subject to a general demurrer if the accused could admit each and every fact alleged in the indictment and still be innocent of any crime. If, on the other hand, the admission of the facts alleged in the indictment leads to the conclusion that the defendant is guilty of the charged crime, the indictment is sufficient.

(Punctuation omitted.) *Clark v. State*, 315 Ga. 423, 442-443 (5) (b) (883 SE2d 317) (2023), citing *Budhani v. State*, 306 Ga. 315, 319 (1) (a) (830 SE2d 195) (2019). In

4

other words, "to withstand a general demurrer, an indictment must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute. If either of these requisites is met, then the accused cannot admit the allegations of the indictment and yet be not guilty of the crime charged." *Jackson v. State*, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017); see also *Smith*, 266 Ga. at 54 (1) ("It is established in Georgia that . . . a criminal indictment which does not recite language from the Code must allege every essential element of the crime charged."). With these standards in mind, we consider whether the aggravated assault and fleeing or attempting to elude charges were subject to a general demurrer.

(a) *Aggravated Assault*

Holtzclaw contends that the indictment was subject to a general demurrer because it alleged that the assault occurred by hitting the trooper's vehicle, but aggravated assault is a crime against a person, not property. He argues that the State's failure to allege that the trooper was in the vehicle at the time means he could admit the conduct and still be innocent of the charges; thus the indictment is fatally defective and counsel should have filed a demurrer. We are not persuaded that counsel's performance was deficient in this regard.

Under OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when he . . . assaults . . . [w]ith any . . . instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" The penalties increase when the victim is a peace officer. OCGA § 16-5-21 (c) (1) (B). Additionally, "[a] person commits the offense of simple assault when he . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2) (2017).

Here, the indictment charged that Holtzclaw "did knowingly assault a peace officer . . . while said peace officer was engaged in the performance of his official duties, said assault being with a motor vehicle, an instrument, which when used offensively against a person is likely to result in serious bodily injury, by hitting said officer's vehicle, in violation of OCGA § 16-5-21[.]"

The indictment was sufficient to withstand a general demurrer. First, the language in the indictment tracked the statutory language, and Holtzclaw concedes that the indictment pled the essential elements of the offense. See *Stapleton v. State*, 362 Ga. App. 740, 742-743 (1) (a) (869 SE2d 83) (2021) (indictment charging terroristic threat was not deficient for failing to allege that threat was communicated to victim); see also *State v. Wyatt*, 295 Ga. 257, 260 (2) (759 SE2d 500) (2014)

6

("[A]n indictment couched in the language of the statute alleged to have been violated is not subject to a general demurrer.") (citation and punctuation omitted). Instead, Holtzclaw rests his argument on the failure to allege that the trooper was *in* the vehicle at the time of the assault. That argument is more appropriately considered as a special demurrer.

> In contrast to a general demurrer, a special demurrer merely objects to the form of an indictment and seeks more information or greater specificity about the offense charged. . . . [A]n allegation that an indictment was deficient because it did not contain all the essential elements of the crime is, in essence, a special demurrer seeking greater specificity.

(Citation omitted.) *State v. Wilson*, 318 Ga. App. 88, 92 (1) (a) (732 SE2d 330) (2012); see also *Everhart v. State*, 337 Ga. App. 348, 354 (3) (a) (786 SE2d 866) (2016). But Holtzclaw has not argued that counsel should have filed a special demurrer and thus has waived that argument. *State v. Owens*, 312 Ga. 212, 221 (4) (b) (862 SE2d 125) (2021) ("Because [defendant] only asserts on appeal that his counsel performed deficiently by failing to file a general demurrer, rather than a special demurrer, his ineffectiveness claim on this ground fails.").

Second, Holtzclaw could not admit the allegations in the complaint and still be innocent of any crime. Even if the officer was not in the vehicle at the time, Holtzclaw could not admit the allegations and be innocent; he would still be guilty of simple assault. See OCGA § 16-5-20 (a) (2); *Wilson*, 318 Ga. App. at 92 (1) ("a general demurrer is essentially a claim that the indictment is fatally defective and, therefore, void, because it fails to allege facts that constitute the charged crime *or any other crime, including a lesser included offense of the charged crime*.") (emphasis supplied). Moreover, the presence of the trooper in or near the car could be inferred from the charge.[2] Cf. *Lee v. State*, 320 Ga. App. 573, 576-577 (1) (a) (740 SE2d 307) (2013) (evidence sufficient to support aggravated assault based on striking police officer's vehicle during chase); *Patterson v. State*, 312 Ga. App. 793, 796 (2) (720 SE2d 278) (2011) (physical precedent only) (no defect in indictment alleging armed robbery by omitting language that property was taken from immediate presence of victim because armed robbery can only occur by taking property from the victim or in the victim's immediate presence; thus, that element was "necessarily inferred from the allegation"); compare *Heath v. State*, 349 Ga. App. 84, 88 (2) (825 SE2d 474)

---

[2] Notably, there is a different statute that applies to striking an unattended vehicle. See OCGA § 40-6-271.

(2019) (indictment charging reckless driving was defective in failing to allege that defendant acted with reckless disregard; she could admit allegations in indictment and not be guilty of reckless driving), affirmed by *State v. Heath*, 308 Ga. 836 (843 SE2d 801) (2020).[3]

> The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citation omitted.) *Jackson v. State*, 284 Ga. App. 619, 622 (2) (644 SE2d 491) (2007), disapproved of on other grounds by *Hill v. State*, 360 Ga. App. 143 (860 SE2d 893) (2021).

---

[3] Holtzclaw's reliance on *Heath* is unpersuasive. In that case, the Supreme Court of Georgia addressed only the prejudice prong of an ineffective assistance claim arising from the failure to file a demurrer because the parties conceded that counsel's performance was deficient. 308 Ga. at 839.

The indictment here meets this standard.[4] And, because the indictment was not fatally defective, any general demurrer would have been without merit. Thus, counsel's failure to make such a motion would not establish deficient performance for purposes of an ineffective assistance of counsel claim. *Mullins v. State*, 364 Ga. App. 200, 205 (b) (874 SE2d 378) (2022); see also *Clark*, 315 Ga. at 444 (5) (b). Accordingly, this first claim of ineffective assistance fails.

(b) *Fleeing or Attempting to Elude a Police Officer*

Holtzclaw next argues that the indictment was defective with regard to the fleeing or attempting to elude offense because it failed to allege that there was a pursuing police officer, and thus counsel should have filed a general demurrer as to this charge as well.

Under OCGA § 40-6-395 (a) (2017), it is a misdemeanor for

---

[4] Admittedly, it would have been better had the State charged that the trooper was in the vehicle. See *Collins v. State*, 359 Ga. App. 338, 343 (4) (857 SE2d 515) (2021) (indictment alleged that defendant used vehicle offensively by striking patrol car while officer was driving it); *State v. Biddle*, 303 Ga. App. 384, 384-385 (693 SE2d 539) (2010) (indictment charged that defendant struck vehicle in which victim was a passenger). But the failure to do so in this case does not render the indictment fatally defective.

any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

The offense becomes a felony where the person fleeing a "pursuing police vehicle . . . [o]perates his or her vehicle in excess of 20 miles an hour above the posted speed limit; . . . [or] . . . [f]lees in traffic conditions which place the general public at risk of receiving serious injuries[.]" OCGA § 40-6-395 (b) (5) (A) (i), (iii) (2017).

Here, Count 2 charged that Holtzclaw

did willfully fail to bring his vehicle to a stop after having been given an audible and visual signal, to wit: lights and sirens, to bring his vehicle to a stop by Officers [], said officers at the time giving such signal, being in uniform prominently displaying their badge of office, and their vehicles being appropriately marked showing it to be an official police vehicle, and did operate his vehicle in excess of 20 miles per hour above the posted speed limit and flee in traffic conditions which placed the general public at risk of receiving serious injuries, in violation of OCGA § 40-6-395 (b) (5) (A)[.]

11

Holtzclaw contends that the indictment was defective because it omitted the word "pursuit." But we have rejected that argument in cases where the indictment otherwise gave the defendant sufficient notice of the charges. See, e.g., *Jackson*, 284 Ga. App. at 622 (2). We find that to be the case here as well. The indictment was sufficient to put Holtzclaw on notice of the charge against him.

Moreover, even in the absence of the word "pursuit," Holtzclaw could not admit the allegations in the indictment and be innocent of a crime; he would still be guilty of misdemeanor fleeing or attempting to elude. See *Wilson*, 318 Ga. App. at 92 (1), 96 (1) (c) (iii); see also *Bell v. State*, 358 Ga. App. 578, 582 (2) (855 SE2d 773) (2021). Thus, the indictment was not fatally defective, and Holtzclaw cannot show that his counsel performed deficiently in failing to file a general demurrer. *Mullins*, 364 Ga. App. at 205 (b).

Accordingly, we conclude that the trial court properly denied the motion for new trial, and we affirm.

*Judgment affirmed. McFadden, P. J., and Brown, J., concur.*